UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Helen M. McGee,

Plaintiff,

v.

The City of Minneapolis,
Officer Bohnsack, and Officer John Doe,

Defendants.

Court File 00-900 (JMR/FLN)

**STIPULATION AND ORDER PERMITTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT**

The Plaintiff, Helen M. McGee, and Defendants The City of Minneapolis and Officer Bohnsack hereby stipulate to entry of an Order permitting Plaintiff to file her First Amended Complaint. The First Amended Complaint shall be in the form of that attached to this Stipulation and Order.

Dated this 21st day of June, 2000.

**MINNEAPOLIS CITY ATTORNEYS OFFICE**

BY: Susan L. Walgrave
Susan L. Walgrave (0234254)

300 Metropolitan Centre
333 South Seventh Street
Minneapolis, Minnesota 55402
(612) 673-3230

**ATTORNEYS FOR CITY OF MINNEAPOLIS AND OFFICER BOHNSACK**

Dated this ~~14th~~ 21st day of June, 2000.

Dated this 18th day of ~~June~~ July, 2000.

**JACKSON & WARD, L.L.C.**

BY: Toni Michelle Jackson
Toni M. Jackson (#220048)
Lateesa T. Ward (#218030)
801 Nicollet Mall
Suite 1850
Minneapolis, Minnesota 55402
(612) 342-0077

**ATTORNEYS FOR HELEN M. MCGEE**

AUG 14 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

ORDER

The Court, having considered the above Stipulation, hereby Orders that Plaintiff may file her First Amended Complaint.

Dated this 11th day of ~~June~~ Aug, 2000.

FRANKLIN L. NOEL
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Helen M. McGee,

Plaintiff,

v.

The City of Minneapolis,
Officer Bohnsack, and Officer Jeremiah Kocher,

Defendants.

Court File 00-900 (JMR/FLN)

**FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND**

---

**NATURE OF THE CASE**

1. The Plaintiff Helen M. McGee brings this action alleging Federal and State common-law claims, including negligence, assault, battery, false imprisonment, intentional and negligent infliction of emotional distress, and violations of 42 U.S.C. §§1983, 1985, 1986, and of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution against the above-named Defendants Bohnsack, Kocher, and the City of Minneapolis.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to the doctrine of concurrent jurisdiction inasmuch as Plaintiff bases her claims on her rights under the federal constitution, state law and common law.

3. Plaintiff bases her federal claims on Title 42 U.S.C. §§ 1983, 1985(3); and 1986.

4. This Court is the proper venue for this proceeding as the material events and occurrences giving rise to this cause of action occurred within Minnesota.

## BACKGROUND FACTS

5. Plaintiff Helen M. McGee is an African-American citizen of the United States and a resident of Minnesota. Ms. McGee lives in North Minneapolis. At the time of the incidents alleged in this Complaint, Plaintiff was 72 years old and a 40 year resident of the Northside neighborhood.

6. Defendant Bohnsack is a resident of Minnesota and, at all relevant times, was an officer with the Minneapolis Police Department (ID#00656) and acting under color of state law. He is being sued in both his individual and official capacities.

7. Defendant Kocher is a resident of Minneapolis and, was at all relevant times, an officer with the Minneapolis Police Department (ID#03772) and acting under color of state law. He is being sued in both his individual and official capacities.

8. Defendant City of Minneapolis is a municipality of the State of Minnesota and owns, operates, manages, directs, and controls the Minneapolis Police Department, which employs and, on December 16, 1994, did employ Defendants Bohnsack and Kocher as police officers.

9. In the early evening of October 14, 1999, Plaintiff was at her home located on the northside of Minneapolis, Minnesota. Plaintiff observed a marked Minneapolis Police squad car in the alley behind her house. On being told that the young man detained by the police might have been her nephew, Plaintiff approached the police car to see if the detainee was in fact her nephew.

10. When Plaintiff approached the police car, Defendant Bohnsack or Kocher was in the driver's seat, and another uniformed officer, Defendant Bohnsack or Kocher, was in the front passenger seat.

11. While Plaintiff was standing next to the police car, Defendant Bohnsack or Kocher jumped out of the police car without warning and kicked Plaintiff in her back with his knee.

12. On information and belief, the car's transmission was not in the "park" position when the Defendant got out of the car.

13. Plaintiff then fell forward into the car, with half of her body inside the car and the other half outside the car. At some point, the police car began to move, dragging Plaintiff along with it.

14. Neither Defendant Bohnsack nor Defendant Kocher, attempted to stop the car or to come to Plaintiff's rescue in any way.

15. The car continued to move, dragging Plaintiff along with it until her grandson jumped into the police car and stopped it.

16. When the squad car finally came to a stop, Plaintiff fell to the ground. As a result, Plaintiff suffered severe pain and was unable to stand.

17. While she was lying on the ground, Defendants Bohnsack and Kocher manhandled Plaintiff by attempting to pull Plaintiff to her feet, and trying to roll her on her back.

18. After the ambulance arrived, Defendants Bohnsack and/or Kocher, handcuffed Plaintiff to the gurney. Plaintiff remained in handcuffs until after she was treated at the hospital.

19. Plaintiff had done nothing wrong; had not interfered in any way with the officers; and was never charged with any crime.

20. The conduct of Defendants Bohnsack and Kocher have caused, continue to cause, and will in the future cause the Plaintiff substantial pain, anguish and suffering including emotional distress, embarrassment, humiliation and other damages.

## COUNT I

## ASSAULT - DEFENDANTS BOHNSACK AND/OR KOCHER

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

21. The conduct of Defendant Bohnsack and/or Defendant Kocher constituted assault, excessive and unreasonable force, and an unpermitted offensive contact upon Plaintiff's person.

22. As a direct and proximate result of Defendant Bohnsack and/or Defendant Kocher's assault, Plaintiff suffered personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

## COUNT II

## BATTERY - DEFENDANTS OFFICER BOHNSACK AND/OR KOCHER

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

23. The actions of Defendant Bohnsack and/or Defendant Kocher constituted battery, excessive and unreasonable force, and an unpermitted malicious and/or offensive touching or contact upon Plaintiff's person.

24. As a direct and proximate result of Defendant Bohnsack and/or Defendant Kocher's battery, Plaintiff suffered personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

## COUNT III

## NEGLIGENCE-- DEFENDANTS BOHNSACK AND/OR KOCHER

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

25. Defendant Bohnsack and/or Defendant Kocher owed Plaintiff a duty of reasonable care when operating his police car.

26. This duty of care included, but is not limited to, a duty to operate their vehicle in such a way so as not to injure pedestrians and bystanders such as Plaintiff; to maintain a proper outlook, to place their vehicle in the "park" position when it was not being driven, and to stop the vehicle when it is causing harm to Plaintiff.

27. Defendant Bohnsack and/or Defendant Kocher breached his duty of care by failing to place the vehicle in the park position when it was not being operated; exiting the car while the vehicle was not in "park"; failing to maintain a proper lookout; allowing the vehicle under their control to drag Plaintiff with her body partially in and out of the car.

28. As a direct and proximate result of Defendants Bohnsack and Kocher's negligent actions, Plaintiff suffered personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

## COUNT IV

## FALSE IMPRISONMENT-DEFENDANTS BOHNSACK AND/OR KOCHER

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

29. Defendant Bohnsack and/or Defendant Kocher intentionally restricted Plaintiff's physical liberty by acts that were intended to restrain or confine Plaintiff.

30. Defendant Bohnsack and/or Defendant Kocher's confinement of Plaintiff was total, as plaintiff neither knew nor in fact had any reasonable means of escape.

31. While it was happening, Plaintiff was conscious of the fact that she was being confined and was harmed by the confinement.

32. As a direct and proximate result of Defendant Bohnsack and/or Defendant Kocher's acts of false imprisonment, Plaintiff suffered personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-DEFENDANTS BOHNSACK AND/OR KOCHER

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

33. Defendant Bohnsack and/or Defendant Kocher's conduct toward Plaintiff set forth herein was so extreme and outrageous that it exceeded the boundaries of decency and is utterly intolerable to the civilized community.

34. Defendant Bohnsack and/or Defendant Kocher's conduct toward Plaintiff was intentional and/or reckless.

35. Defendant Bohnsack and/or Defendant Kocher's conduct toward Plaintiff caused severe emotional distress to Plaintiff.

36. As a direct and proximate result of Defendant Bohnsack and/or Defendant Kocher's intentional infliction of emotional distress, Plaintiff suffered personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

**COUNT VI**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-DEFENDANTS BOHNSACK AND/OR KOCHER**

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

37. Plaintiff states that the negligent, reckless and heedless actions of all Defendants placed Plaintiff in a zone of danger causing her to be subjected to a great and actual risk of emotional harm.

38. As a direct and proximate result of the actions of Defendants, Plaintiff suffered personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

## COUNT VII

## VIOLATION OF 42 U.S.C. §1983

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

39. The conduct of all Defendants deprived Plaintiff of the rights, privileges, and immunities secured by the United States Constitution, in violation of 42 U.S.C. § 1983.

40. Defendants' conduct deprived Plaintiff of the rights, privileges, immunities under the laws and Constitution of the United States and in particular the following clearly established rights:

    a. To be secure in her person and property;

    b. To due process; and

    c. To be free from the use of excessive force, summary punishment, and malicious prosecution.

41. Defendants were acting under the "color of law" of a statute, ordinance, regulation, customs, or usage when they deprived Plaintiff of her Constitutional rights, privileges, and immunities.

42. As a direct and proximate result of Defendants' deprivation of Plaintiff's Constitutional rights, privileges, and immunities, Plaintiff suffered personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

## COUNT VIII

### VIOLATION OF 42 U.S.C. § 1983 (FAILURE TO PREVENT CONSTITUTIONAL VIOLATION)

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

43. Plaintiff states that the unconstitutional, negligent, reckless and heedless actions of all Defendants placed the Plaintiff in a zone or area of danger causing her to be subjected to great and actual risk of harm and loss of constitutionally-protected interests.

44. Defendants maliciously and/or deliberately failed to take any and/or all reasonable steps or necessary precautions required to avoid or prevent the constitutional violations set forth in this Complaint, despite their clearly established legal and constitutional duty to do so.

45. Defendant City of Minneapolis and the officers under its control permitted Defendants Bohnsack and Kocher to use unreasonable force and to violate Plaintiff's constitutional rights, and failed to take steps to prevent Defendants Bohnsack and Kocher from violating Plaintiff's constitutional rights.

46. As a direct and proximate result of the negligent, intentional, reckless or unconstitutional acts and omissions of the Defendants, the constitutional rights of Plaintiff, including under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, were violated and Plaintiff has suffered a deprivation of her Constitutional rights and personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

## COUNT IX

## VIOLATION OF 42 U.S.C. §1983 (MONELL CLAIM)

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

47. Defendant City of Minneapolis, failed to properly train, supervise, and discipline Defendants Bohnsack and Kocher who injured Plaintiff. The unconstitutional and assaultive actions of Defendants Bohnsack and Kocher were carried out pursuant to an unconstitutional policy of Defendant City of Minneapolis

48. The unconstitutional policies of the Defendant City of Minneapolis included its policy, custom, practice and procedure of failing to train officers to engage in safe and well-established police procedures with respect to apprehending subjects, and the treatment of innocent bystanders.

49. As a direct and proximate result of the negligent, reckless, intentional, and unconstitutional acts and omissions of the Defendants, Plaintiff suffered a deprivation of her Constitutional rights and personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

## COUNT X

## VIOLATION OF 42 U.S.C. §1983 - CITY OF MINNEAPOLIS

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

50. Before October 14, 1999, the City of Minneapolis developed maintained, and/or tolerated policies or customs that caused the deprivation of Plaintiff's constitutional rights.

51. The City of Minneapolis, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train, or otherwise direct police officers concerning the rights of citizens, particularly persons of color, thereby encouraging and/or causing Officers Bohnsack and Kocher to engage in the unlawful conduct described above.

52. The City of Minneapolis, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline officers, including Officers Bohnsack and Kocher for violations of citizens' constitutional rights, particularly persons of color, thereby encouraging and/or causing police officers, including Defendants Bohnsack and Kocher, to engage in unlawful conduct.

53. The City of Minneapolis, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including Officers Bohnsack and Kocher, who are aware of and subsequently conceal violations of citizens' constitutional rights by other police officers, thereby causing and encouraging police officers, including Officers Bohnsack and Kocher, to engage in unlawful conduct.

54. The above-described actions of the City of Minneapolis, acting under color of state law, deprived Plaintiff of her rights, privileges, and immunities under the laws and Constitution of the United States and in particular the following clearly established rights:

a. To be secure in her person and property;

b. To due process; and

c. To be free form the use of excessive force, summary punishment, and malicious prosecution.

55. The above-described actions of the City of Minneapolis, acting under color of state law, deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

56. As a direct and proximate result of the policy or custom of the City of Minneapolis described above, Plaintiff suffered a deprivation of her Constitutional rights and personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

**COUNT XI**

**VIOLATION OF SECTION 1985(3) (CONSPIRACY TO DEPRIVE CIVIL RIGHTS)**

Plaintiff incorporates herein each and every one of the foregoing paragraphs above, and in addition states as follows:

57. Defendant City of Minneapolis, by encouraging police officers such as Defendants Bohnsack and Kocher to use unreasonable force and to violate Plaintiff's constitutional rights, failed to take steps to prevent a conspiracy by Defendants Bohnsack and Kocher to violate the Plaintiff's rights.

58. The actions of the Defendants in concert or agreement with other as yet unknown or unnamed officers, violated 42 U.S.C. § 1985(3), and where 'two or more persons [who] conspire for the purpose of impeding, hindering, obstructing, or defeating, in

any manner, the due course of justice in State or Territory, with intent to deny to any citizen the equal protection of the laws;" and where the acts of "two or more persons in any State or Territory who conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws or for the purpose of preventing or hindering the constituted authorities of any State or Territory the equal protection of the laws; to wit: the class of persons including" Plaintiff, who is a 73 year old Black woman.

59. The actions of Defendants were motivated or actuated by animus towards Plaintiff, including their actions in depriving her of liberty, as protected by the Fourteenth Amendment to the U.S. Constitution and in concealing or attempting to conceal their constitutional violations.

60. As a direct and proximate result of the conspiracy and unconstitutional acts and omissions of the Defendants, Plaintiff suffered a deprivation of her Constitutional rights and personal injuries, including physical injury, humiliation, mental anguish and suffering, and emotional distress.

**WHEREFORE**, Plaintiff Helen M. McGee prays for judgment on all counts in excess of Seventy-Five Thousand Dollars ($75,000), awarding reasonable attorney's fees, expenses, and costs, Prejudgment interest in accordance with Minnesota Statutes Section 549.09, Postjudgment interest in accordance with Minnesota Statutes Section 549.09, and

awarding such other and further relief as the Court deems just and equitable. Plaintiff also reserves the right to seek punitive damages after a proper motion.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS.**

Dated: July 18, 2000.

**JACKSON AND WARD, L.L.C.**

By: Toni Michelle Jackson
Toni M. Jackson (220048)
Lateesa T. Ward (218030)
2520 Park Avenue South
Carriage House
Minneapolis, MN 55404
(612) 872-1100 Telephone
(612) 872-1129 Facsimile

**ATTORNEYS FOR PLAINTIFF**